UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>     v.<br><br>SEONG YEOL LEE and AMERITRUST CORPORATION,<br><br>          Defendants,<br><br>and<br><br>BEESPOKE CAPITAL, INC., BEESPOKE CAPITAL, LLC, ALICE MEE-HYANG CHOI, APRIL SUE-CHANG LEE, and ELAINE CHOUNG-HEE LEE,<br><br>          Relief Defendants. | Civil Action No. |

**[proposed]**
**TEMPORARY RESTRAINING ORDER, ORDER FREEZING**
**AND REPATRIATING ASSETS, AND ORDER FOR OTHER EQUITABLE RELIEF**

Having considered the emergency motion for a temporary restraining order, order freezing and repatriating assets, and order for other equitable relief filed by plaintiff United States Securities and Exchange Commission ("the Commission"), as well as the Complaint, the Commission's memorandum of law, and accompanying evidentiary materials, the Court finds that the Commission has made a proper *prima facie* showing, as required by Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") for the relief granted herein, specifically, that: (1) defendants Seong Yeol Lee ("Lee") and Ameritrust Corporation ("Ameritrust") have engaged in the violations alleged in the complaint; (2) there is a reasonable likelihood that these violations are continuing or will be repeated; (3) there is a strong indication that, unless

restrained and enjoined by Order of this Court, Lee may dissipate and/or conceal assets which could be subject to an order of disgorgement or an order to pay a civil monetary penalty in this action; and (4) entry of a temporary restraining order freezing and repatriating assets held by Lee, Ameritrust, and/or Relief Defendants Beespoke Capital, Inc. ("Beespoke Inc.") and Beespoke Capital, LLC ("Beespoke LLC") is in the public interest.  In consideration of the foregoing:

### I.

**IT IS HEREBY ORDERED** that Lee and Ameritrust are restrained from violating Section 10(b) of the Securities and Exchange Act of 1934 [15 U.S.C. §78j(b)] and Rule 10b-5 [17 C.F.R. §240.10b-5] by – in connection with the purchase or sale of any security – directly or indirectly, through the use of the means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange,

(a)     employing any device, scheme, or artifice to defraud;

(b)     making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### II.

**IT IS HEREBY ORDERED** that Lee and Ameritrust are restrained from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. §77q(a)] by – in the offer or sale of securities – directly or indirectly, through the use of the means or instrumentalities of interstate commerce or of the mails,

(a) employing any device, scheme, or artifice to defraud;

(b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

**IT IS HEREBY ORDERED** that:

A. Lee, Ameritrust, Beespoke LLC, Beespoke Inc., and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain funds and other assets of Lee, Ameritrust, Beespoke LLC, and Beespoke Inc. presently held by them, for their benefit, under their control or over which they exercise actual or apparent investment or other authority (including assets held in the name of or for the benefit of Lee, Ameritrust, Beespoke LLC, and Beespoke Inc.), in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, including, but not limited to, real property located at 180 Chestnut Ridge Road, Bedford, New York 10549 (Tax ID #: 83.19-2-4) and land situated in Lander County, Nevada, as more particularly described in Exhibit A to this Order, along with funds held in the following accounts:

| Institution | Location | Account Name(s) | Account Number |
|---|---|---|---|
| Bank of America | U.S. | Ameritrust Corporation | '8026 |
| Bank of America | U.S. | Ameritrust Corporation | '8039 |
| Bank of America | U.S. | Beespoke Capital Inc | '4321 |
| Bank of America | U.S. | Beespoke Capital Inc | '4334 |
| Bank of America | U.S. | Beespoke Capital Inc | '4350 |
| Bank of America | U.S. | Seong Y Lee & Jong Sun Kim | '5997 |
| Bank of America | U.S. | Seong Yeol Lee & Jung Sook Moon | '1934 |
| T Rowe Price | U.S. | Seong Yeol Lee | '0002 |
| TD Ameritrade | U.S. | Seong Yeol Lee | '4572 |
| Keb Hana Bank | Korea | Beespoke LLC | '2704 |

B.  All banks, brokerage, and other financial institutions (including but not limited to those listed in Paragraph III.A) and other persons or entities (including but not limited to payment processors, investors and/or promoters) that receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of Lee, Ameritrust, Beespoke LLC, and Beespoke, Inc. or over which Lee, Ameritrust, Beespoke LLC, and Beespoke, Inc. exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen.

      C.      The Commission may record this Order with relevant land records offices or other relevant institutions on all pieces of real property in which the Defendants have an interest, including filing Notices of *Lis Pendens*, or any similar document that has the effect of clouding title. Should Lee and/or Ameritrust wish to sell any piece of real property in which they have an interest, they shall give counsel for the Commission notice of the proposed sale before taking any action to market or sell the property, and shall also seek and obtain the concurrence of the Court before the sale. This order applies, but is not limited to, the property at 180 Chestnut Ridge Road, Bedford, New York 10549 (Tax ID #: 83.19-2-4) and land situated in Lander County, Nevada, as more particularly described in Exhibit A to this Order.

### IV.

**IT IS HEREBY FURTHER ORDERED** that Lee and/or Ameritrust, and each of their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, and each of them, shall, within five days of receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit into the registry of the Court in an interest bearing account, any and all funds or assets that presently may be located outside of the United States that were obtained directly or indirectly from the conduct described in the Complaint.

### V.

**IT IS HEREBY FURTHER ORDERED** that Lee and Ameritrust are hereby prohibited from soliciting, accepting, or depositing any monies obtained from actual or prospective investors pending the resolution of this action.

**VI.**

**IT IS HEREBY FURTHER ORDERED** that the conditions set forth in the preceding paragraphs of this Order shall expire on _____, but this temporal limitation is applied without prejudice to an extension (upon Plaintiff's motion).

**VII.**

**IT IS HEREBY FURTHER ORDERED** that service of this Order, and the Summons and Complaint, may be made by facsimile, mail, e-mail, delivery by commercial courier, or personally by any employee of the Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure, or by publication.

_____
UNITED STATES DISTRICT JUDGE

Dated: _____, 2023