UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SEONG YEOL LEE and AMERITRUST CORPORATION,<br><br>Defendants,<br><br>and<br><br>BEESPOKE CAPITAL, INC., BEESPOKE CAPITAL, LLC, ALICE MEE-HYANG CHOI, APRIL SUE-CHANG LEE, and ELAINE CHOUNG-HEE LEE,<br><br>Relief Defendants. | Civil Action No.<br><br>23-cv-125 (JBA) |

## ORDER BY AGREEMENT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION, DEFENDANTS SEONG YEOL LEE AND AMERITRUST CORPORATION, AND RELIEF DEFENDANTS BEESPOKE CAPITAL, INC. AND <u>BEESPOKE CAPITAL, LLC</u>

Following a telephonic conference with the Court on February 6, 2023 concerning Plaintiff Securities and Exchange Commission's (the "Commission") Emergency Motion for a Temporary Restraining Order, Order Freezing and Repatriating Assets and Order for Other Equitable Relief ("Motion"), the Commission, together with Defendants Seong Yeol Lee ("Lee") and Ameritrust Corporation ("Ameritrust") (together, "Defendants") and Relief Defendants Beespoke Capital, Inc. ("Beespoke Inc.") and Beespoke Capital, LLC ("Beespoke LLC") (together, "Relief Defendants"), hereby agree to the Court's entry of an Order temporarily providing for certain of the relief sought in the Commission's Motion ("Order").

Defendants and Relief Defendants agree to the Court's entry of this Order to maintain the status quo while they seek to retain counsel and pending the scheduling of a hearing on the Commission's Motion. By entering into this agreement, Defendants do not admit to the allegations in the Commission's Complaint, nor do they admit to any wrongdoing, that their bank accounts are subject to disgorgement or violations of the federal securities laws. By entering into this agreement, Relief Defendants do not admit to the allegations in the Complaint, nor do they admit that bank accounts in their name are subject to disgorgement or prejudgment interest. In addition, it is agreed that by entering into this Order the Defendants and the Relief Defendants do not relinquish any defenses that they may have available to them and they do not consent to the jurisdiction of this Court, the Commission, or any other matter other than the matters specifically set forth in this Order.

The Commission, Defendants, and Relief Defendants hereby agree to the Court's issuance of an order providing for the following relief pending further order of the Court:

**I.**

Pending further order of the Court and for a period of at least sixty (60) days, Lee and Ameritrust are hereby restrained from violating Section 10(b) of the Securities and Exchange Act of 1934 [15 U.S.C. §78j(b)] and Rule 10b-5 [17 C.F.R. §240.10b-5] and Section 17(a) of the Securities Act of 1933 [15 U.S.C. §77q(a)].

**II.**

Ffor a period of sixty (60) days, Lee and Ameritrust are hereby prohibited from soliciting, accepting, or depositing any monies obtained from any actual or prospective investors.

**III.**

A. For a period of sixty (60) days, all funds held or received in the following accounts of Ameritrust, Beespoke Inc., and Beespoke LLC (the "Frozen Accounts") shall be frozen, and Lee, Ameritrust, Beespoke Inc., and Beespoke LLC shall not make any withdrawal, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any funds in the Frozen Accounts:

| Institution | Location | Account Name(s) | Account Number |
|---|---|---|---|
| Bank of America | U.S. | Ameritrust Corporation | '8026 |
| Bank of America | U.S. | Ameritrust Corporation | '8039 |
| Bank of America | U.S. | Beespoke Capital Inc. | '4321 |
| Bank of America | U.S. | Beespoke Capital Inc. | '4334 |
| Bank of America | U.S. | Beespoke Capital Inc. | '4350 |
| Keb Hana Bank | Korea | Beespoke LLC | '2704 |

B. For a period of sixty (60) days, all financial institutions that receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding any funds in the Frozen Accounts, shall hold and retain such funds within their control and prohibit the withdrawal, removal, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds; and such funds and accounts are hereby frozen.

**IV.**

Pending further order of the Court, Lee and Ameritrust shall make efforts to obtain counsel within sixty (60) days of the Court's telephonic conference on February 6, 2023.

The foregoing Agreement is executed by:

_Seong Lee_
Michael C. Moran, Esq.
Plaintiff U.S. Securities and Exchange Commission

_Seong Lee_
Seong Yeol Lee, Defendant

_Seong Lee_
Ameritrust Corporation, Defendant
By: Seong Yeol Lee, Chief Executive Officer

_Seong Lee_
Beespoke Capital, Inc., Relief Defendant
By: Seong Yeol Lee, President

_Seong Lee_
Beespoke Capital, LLC, Relief Defendant
By: Seong Yeol Lee, Managing Member

Date: February 8, 2023

SO ORDERED.

_/s/_
UNITED STATES DISTRICT JUDGE

4