UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>SEONG YEOL LEE and AMERITRUST CORPORATION,<br><br>    Defendants,<br><br>and<br><br>BEESPOKE CAPITAL, INC., BEESPOKE CAPITAL, LLC, ALICE MEE-HYANG CHOI, APRIL SUE-CHANG LEE, and ELAINE CHOUNG-HEE LEE,<br><br>    Relief Defendants. | Civil Action No. 23-cv-125 (JBA) |

# PLAINTIFF'S MOTION FOR AN
# ORDER EXTENDING FREEZE OF ASSETS THROUGH SEPTEMBER 30, 2023

Plaintiff Securities and Exchange Commission (the "Commission") respectfully moves to extend an order freezing assets of Defendants Seong Yeol Lee ("Lee") and Ameritrust Corporation ("Ameritrust") and relief defendant Beespoke Capital, Inc. ("Beespoke Inc.") through and including September 30, 2023. In support of its motion, the Commission states as follows:

1.    On February 1, 2023, the Commission filed its Complaint and an Emergency Motion for a Temporary Restraining Order, Order Freezing and Repatriating Assets, and Order for Other Equitable Relief ("Emergency Motion"). In its Emergency Motion, the Commission sought, among other things, an order freezing assets of Lee, Ameritrust, Beespoke Inc., and

Beespoke Capital, LLC ("Beespoke LLC"). The Commission also requested that the Court enter an order allowing the Commission to place a notice of *lis pendens* on certain real property held in the name of Ameritrust and Lee in Nevada and New York.

2.   On February 6, 2023, the Court held a telephonic conference. Lee attended the telephonic conference and agreed to, among other things, entry of an order freezing bank accounts in the names of Ameritrust, Beespoke Inc., and Beespoke LLC. The Court entered an Order on February 10, 2023 freezing for a period of 60 days bank accounts held in the name of Ameritrust, Beespoke Inc., and Beespoke LLC. Dkt. No. 15. During the February 6, 2023 conference, the Court ordered Lee to endeavor to secure litigation counsel by no later than April 7, 2023. The Court at that time did not act on the Commission's request for an asset freeze as to Lee's personal accounts or for an order allowing it to place a notice of *lis pendens* on the property in Nevada and New York.

3.   On March 21, 2023, the Commission requested a status conference after learning that Lee had died on March 7, 2023. The Commission thereafter filed a motion to extend until May 3, 2023 the existing asset freeze over accounts of Ameritrust, Beespoke Inc., and Beespoke LLC, which the Court granted on April 6, 2023. Dkt. No. 28.

4.   The Court held a telephonic status conference on April 24, 2023 concerning the status of the litigation in light of Lee's death on March 7, 2023. Following the status conference, the Commission filed a motion requesting that the Court enter an Order freezing assets of Lee, Ameritrust, Beespoke Inc., and Beespoke LLC through June 30, 2023. The Commission requested the asset freeze through June 30, 2023 to preserve the status quo pending the filing of any responsive pleadings and a determination as to the status of Lee's estate. Dkt. No. 37. The Commission also requested that the Court allow the Commission to file a notice of *lis pendens*

concerning the real property in Nevada and New York. The Court granted the Commission's motion on April 28, 2023. Dkt. No. 39.

5. On June 26, 2023, the Commission filed a Notice of Dismissal as to Beespoke LLC. The Commission voluntarily dismissed Beespoke LLC because it is a defunct entity with no registered agent and, in light of Lee's death, no remaining officers in the United States. Beespoke LLC also has no known assets in the United States. Therefore, the Commission's request for extension of the asset freeze order does not include Beespoke LLC.

6. The Commission now respectfully requests that the Court extend an asset freeze over the accounts and other assets of Lee, Ameritrust, and Beespoke Inc. for 90 additional days, through and including September 30, 2023.[1] As detailed in the Commission's Emergency Motion and supporting declarations and exhibits, the Commission has met its burden for entry of an asset freeze against Ameritrust and Lee. *See Smith v. SEC*, 653 F.3d 121, 128 (2d Cir. 2011) (Commission "must show either a likelihood of success on the merits, or that an inference can be drawn that the party has violated the federal securities laws."). The Court also has the equitable authority to freeze assets of Beespoke Inc., a relief defendant, on the grounds that it received ill-gotten gains and does not have a legitimate claim to those proceeds. *SEC v. Cavanagh*, 155 F.3d 129, 136 (2d Cir. 1998).

7. The accounts of Lee, Ameritrust, and Beespoke Inc. hold proceeds that were fraudulently obtained from individuals who intended to invest in Ameritrust. Those proceeds should be frozen to preserve the Commission's opportunity to collect funds that may be disgorged and returned to harmed investors. *See SEC v. Unifund SAL*, 910 F.2d 1028, 1041 (2d

---

[1] Following the Court's prior asset freeze order of April 28, 2023, the Commission learned that Lee's account at TD Ameritrade closed prior to the filing of the Complaint, and it is therefore no longer included among the accounts proposed to be frozen. The Commission, however, identified a bank account of Lee at Keb Hana Bank USA and has added that account to the proposed order.

Cir. 1990) ("the Commission should be able to preserve its opportunity to collect funds that may yet be ordered disgorged"); *see also SEC v. Byers*, No. 08 Civ. 7104 (DC), 2009 WL 33434, at *2 (S.D.N.Y. Jan. 7, 2009) ("[a]n asset freeze is a provisional remedy, the purpose of which is to ensure that, in the event the SEC obtains a judgment, money will be available to satisfy that judgment").

8.  The Commission further submits that an extended freeze is appropriate because Ameritrust and Beespoke Inc. are subject to the Court's consideration of a motion for default judgment, filed on June 26, 2023. No counsel or third party has appeared for Ameritrust, Beespoke Inc., or Lee to seek relief from the Court's prior freeze orders. An additional freeze period would also preserve the status quo while the Commission seeks to identify whether there is a potential substitute for Lee or to determine another means for proceeding against him with the goal of returning funds to harmed investors. Lee appears to have died without a will, and the Commission remains unaware of any executor for his estate or other administrator for probate purposes. The Commission has searched for, but has not identified, any probate proceeding as to Lee.

WHEREFORE, the Commission respectfully requests that the Court enter an Order in the form attached hereto.

Dated: June 26, 2023

Respectfully submitted,

On behalf of the Commission,

/s Michael C. Moran
Rua M. Kelly (CT phv04453,
   Mass. Bar No. 643351)
Michael C. Moran (CT phv08741,
   Mass. Bar No. 666885)
U.S. Securities and Exchange Commission
Boston Regional Office
33 Arch Street, 24th Floor
Boston, MA  02139
(617)-573-8941 (Kelly direct)
(617) 573-8931 (Moran direct)
kellyru@sec.gov
moranmi@sec.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on this 26th day of June 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system. I will separately serve the document upon parties not registered to receive electronic notice through the CM/ECF system.

                                                    /s *Michael C. Moran*
                                                   Michael C. Moran