UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>      v.<br><br>SEONG YEOL LEE and AMERITRUST CORPORATION,<br><br>      Defendants,<br><br>and<br><br>BEESPOKE CAPITAL, INC., BEESPOKE CAPITAL, LLC, ALICE MEE-HYANG CHOI, APRIL SUE-CHANG LEE, and ELAINE CHOUNG-HEE LEE,<br><br>      Relief Defendants. | Civil Action No. 23-cv-125 (JBA) |

**FINAL JUDGMENT BY DEFAULT AS TO
DEFENDANT AMERITRUST CORPORATION**

WHEREAS, on February 1, 2023, the plaintiff Securities and Exchange Commission ("Commission") commenced this action by filing a complaint against Ameritrust Corporation ("Ameritrust") and others;

WHEREAS, on April 3, 2023, the Court issued a summons to Ameritrust, and, on April 18, 2023, the Commission filed a return of service;

WHEREAS, on May 15, 2023, the Commission filed a request for entry of default pursuant to Fed. R. Civ. P. 55(a) against Ameritrust for failure to answer the Complaint or otherwise appear;

1

WHEREAS, on June 5, 2023, the Court granted the Commission's request for entry of default;

WHEREAS, on June 28, 2023, the Commission filed a motion for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2) against Ameritrust, for the entry of this Final Judgment based on Ameritrust's failure to answer or otherwise respond to the Complaint;

WHEREAS, the Court hereby GRANTS the Commission's motion for entry of default judgment as to Ameritrust, accepts as true the factual allegations of the Complaint against Ameritrust, and finds that:

1. The Court has jurisdiction over this action pursuant to Sections 20(d)(1) and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§77t(d)(1) and 77v(a)] and Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§78u(d), 78u(e), and 78aa].

2. In connection with the conduct alleged in the Complaint, Ameritrust used the means or instruments of transportation or communication in interstate commerce or the mails.

NOW THEREFORE, BASED ON THE FOREGOING:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Ameritrust is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      (a)      to employ any device, scheme, or artifice to defraud;

      (b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      (c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Ameritrust is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

      (a)      to employ any device, scheme, or artifice to defraud;

      (b)      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      (c)      to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $11,967,705, pursuant to Sections 21(d)(5) and (7) of the Exchange Act [15 U.S.C. §§78u(d)(5) and (7)], representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,602,391, and a civil penalty in the amount of $2,232,280, pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)].  Defendant shall satisfy this obligation by paying the total of $15,802,376 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ameritrust as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.   Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be

paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, Bank of America, N.A. ("Bank of America") shall transfer the entire balance of the following Bank of America account(s) which were frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---:|
| Ameritrust Corporation | *8026 |
| Ameritrust Corporation | *8039 |

Bank of America may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Bank of America also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

IT IS SO ORDERED.

/s/_____
HON. JANET BOND ARTERTON
UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut this 5th day of September, 2023.