UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SEONG YEOL LEE and AMERITRUST CORPORATION,<br><br>Defendants,<br>and<br><br>BEESPOKE CAPITAL, INC., ALICE MEE-HYANG CHOI, APRIL SUE-CHANG LEE, and ELAINE CHOUNG-HEE LEE,<br><br>Relief Defendants. | Civil Action No. 23-cv-125 (OAW) |

**PLAINTIFF'S MOTION FOR AN**
**ORDER EXTENDING FREEZE OF ASSETS**

Plaintiff Securities and Exchange Commission (the "Commission") respectfully moves to extend an order freezing the assets of Defendant Seong Yeol Lee ("Lee"), currently in effect through September 30, 2023, for a period of six months, through and including March 29, 2024. In support of its motion, the Commission states as follows:

1. On February 1, 2023, the Commission filed its Complaint and an Emergency Motion for a Temporary Restraining Order, Order Freezing and Repatriating Assets, and Order for Other Equitable Relief ("Emergency Motion"). In its Emergency Motion, the Commission sought, among other things, an order freezing assets of Lee, Ameritrust Corporation ("Ameritrust"), Beespoke Capital, Inc. ("Beespoke Inc."), and Beespoke Capital, LLC ("Beespoke LLC"). The Commission also requested that the Court enter an order allowing the

Commission to place a notice of *lis pendens* on certain real property held in the name of Ameritrust and Lee in Nevada and New York, respectively.

2. On February 6, 2023, the Court held a telephonic conference. Lee attended the telephonic conference and agreed to, among other things, entry of an order freezing bank accounts in the names of Ameritrust, Beespoke Inc., and Beespoke LLC. The Court entered an Order on February 10, 2023 freezing for a period of 60 days bank accounts held in the name of Ameritrust, Beespoke Inc., and Beespoke LLC. Dkt. No. 15. The Court at that time did not act on the Commission's request for an asset freeze as to Lee's personal accounts or for an order allowing it to place a notice of *lis pendens* on the properties in Nevada and New York.

3. On March 21, 2023, the Commission requested a status conference after learning that Lee had died on March 7, 2023. The Commission thereafter filed a motion to extend until May 3, 2023 the existing asset freeze over accounts of Ameritrust, Beespoke Inc., and Beespoke LLC, which the Court granted on April 6, 2023. Dkt. No. 28.

4. The Court held a telephonic status conference on April 24, 2023 concerning the status of the litigation in light of Lee's death on March 7, 2023. Following the status conference, the Commission filed a motion requesting that the Court enter an Order freezing assets of Lee, Ameritrust, Beespoke Inc., and Beespoke LLC through June 30, 2023. The Commission requested the asset freeze through June 30, 2023 to preserve the status quo pending the filing of any responsive pleadings and a determination as to the status of Lee's estate. Dkt. No. 37. The Commission also requested that the Court allow the Commission to file a notice of *lis pendens* concerning the real property in Nevada and New York. The Court granted the Commission's motion on April 28, 2023. Dkt. No. 39.

5. On June 26, 2023, the Commission filed a Notice of Dismissal as to Beespoke LLC because it is a defunct entity with no registered agent and, in light of Lee's death, no remaining officers in the United States.  Beespoke LLC also has no known assets in the United States.  Therefore, the Commission's current request for extension of the asset freeze order does not include Beespoke LLC.

6. On June 30, 2023, the Commission filed a Motion to Extend Asset Freeze Order through September 30, 2023 (Dkt. No. 54) which was granted by the Court.

7. On September 6, 2023, the Court granted the Commission's motion for default judgment as to Ameritrust and Beespoke, Inc. and entered final judgments against them, including an order for the transfer of funds in corporate accounts subject to the Court's existing freeze order to the Commission to satisfy disgorgement and penalties imposed by the judgments. Dkt. No. 57.  Therefore, the Commission's current request for extension of the asset freeze order does not include Ameritrust and Beespoke Inc.

8. The Commission now respectfully requests that the Court extend the asset freeze over the accounts and other assets in the name of Lee for six months, through and including March 29, 2024.  As detailed in the Commission's Emergency Motion and supporting declarations and exhibits, the Commission has met its burden for entry of an asset freeze against Lee.  *See Smith v. SEC*, 653 F.3d 121, 128 (2d Cir. 2011) (Commission "must show either a likelihood of success on the merits, or that an inference can be drawn that the party has violated the federal securities laws.").

9. Lee's known accounts hold proceeds that were fraudulently obtained from individuals who intended to invest in Ameritrust.  Those proceeds should be frozen to preserve the Commission's opportunity to collect funds that may be disgorged and returned to harmed

investors.  *See SEC v. Unifund SAL*, 910 F.2d 1028, 1041 (2d Cir. 1990) ("the Commission should be able to preserve its opportunity to collect funds that may yet be ordered disgorged"); *see also SEC v. Byers*, No. 08 Civ. 7104 (DC), 2009 WL 33434, at *2 (S.D.N.Y. Jan. 7, 2009) ("[a]n asset freeze is a provisional remedy, the purpose of which is to ensure that, in the event the SEC obtains a judgment, money will be available to satisfy that judgment").

10. An additional freeze period would preserve the status quo while the Commission seeks to identify whether there is a potential substitute for Lee or to determine another means for proceeding against him with the goal of returning funds to harmed investors.  Lee appears to have died without a will, and the Commission remains unaware of any executor for his estate or other administrator for probate purposes.  The Commission has searched for, but has not identified, any probate proceeding as to Lee.

11. No parties to this litigation have objected to the prior asset freeze orders, and counsel to the Commission has notified all of the Relief Defendants of its intention to file this motion to extend the current freeze order.

WHEREFORE, the Commission respectfully requests that the Court enter an Order in the form attached hereto.

Dated: September 19, 2023                    Respectfully submitted,

On behalf of the Commission,

/s Rua M. Kelly
Rua M. Kelly (CT phv04453,
   Mass. Bar No. 643351)
Michael C. Moran (CT phv08741,
   Mass. Bar No. 666885)
U.S. Securities and Exchange Commission
Boston Regional Office
33 Arch Street, 24th Floor
Boston, MA  02139
(617)-573-8941 (Kelly direct)
(617) 573-8931 (Moran direct)
kellyru@sec.gov
moranmi@sec.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 19th day of September 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system. I will separately serve the document upon parties not registered to receive electronic notice through the CM/ECF system.

                                                         /s *Rua M. Kelly*
                                                         Rua M. Kelly