UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**APRIL SUE-CHANG LEE, IN HER CAPACITY AS FIDUCIARY OF THE ESTATE OF SEONG YEOL LEE and AMERITRUST CORPORATION,**<br><br>Defendants,<br><br>and<br><br>**BEESPOKE CAPITAL, INC., ALICE MEE-HYANG CHOI, APRIL SUE-CHANG LEE, and ELAINE CHOUNG-HEE LEE,**<br><br>Relief Defendants. | Civil Action No. 23-cv-125 (OAW) |

**PLAINTIFF'S MOTION FOR AN ORDER APPOINTING A TAX ADMINISTRATOR AND AUTHORIZING THE SEC TO APPROVE PAYMENT OF THE TAX OBLIGATIONS OF THE DISTRIBUTION FUND AND THE RELATED FEES AND EXPENSES OF THE TAX ADMINISTRATOR WITHOUT FURTHER COURT ORDER**

Plaintiff Securities and Exchange Commission (the "SEC" or the "Commission") respectfully moves this Court for an Order with respect to funds under the Court's jurisdiction in this case (the "Distribution Fund"): (i) appointing Miller Kaplan Arase LLP ("Miller Kaplan"), a certified public accounting firm with an office in San Francisco, CA, as tax administrator ("Tax Administrator") of the Distribution Fund to execute all income tax reporting requirements of the Distribution Fund and (ii) authorizing the SEC to approve and arrange for the payment of the tax obligations of the Distribution Fund and related fees and expenses of the Tax Administrator from

the Distribution Fund without further Court order.  The appointment of a tax administrator is necessary to ensure that the funds are maintained and distributed in compliance with federal and state tax laws.

## Background

1. On February 1, 2023, the SEC filed a Complaint against Ameritrust Corporation ("Ameritrust") and Seong Yeol Lee ("Lee") (collectively the "Defendants") and various relief defendants including Beespoke Capital, Inc. ("Beespoke").  The Complaint alleges that in an ongoing scheme, the Defendants stole millions of dollars from investors in the Republic of Korea ("Korea") and defrauded investors who purchased Ameritrust shares in public trading in the U.S. penny stock market.  In violation of the federal securities laws, the Defendants made false and misleading statements in public filings to the Commission including overstating Ameritrust's assets by at least $70 million, and Lee made false promises that Ameritrust would be listed on a major U.S. stock exchange such as Nasdaq or the New York Stock Exchange ("NYSE").  Lee recruited at least 2,000 people to invest in Ameritrust, raising at least $20 million, and absconded with at least $4 million for his personal use.  *See* Dkt. No. 1 (the "Complaint").

2. On September 5, 2023, the Court entered final judgments by default against Defendant Ameritrust ("Ameritrust Order") and against Relief Defendant Beespoke ("Beespoke Order") (collectively the "Final Judgments").  Dkt. Nos. 57, 57-1.  In the Ameritrust Order, the Court found Ameritrust liable for disgorgement of $11,967,705, prejudgment interest of $1,602,391 and a civil penalty of $2,232,280, for a total of $15,802,376.  *See* Dkt. No. 57.  In the Beespoke Order, the Court found Beespoke liable for disgorgement of $4,871,097 and prejudgment interest of $325,421, for a total of $5,196,518.  *See* Dkt. No. 57-1.

3. The Commission holds $3,577,307.24 collected from Ameritrust and Beespoke

pursuant to the Final Judgments, comprising the Distribution Fund. The Distribution Fund is held in an SEC-designated account with the United States Department of the Treasury and will be distributed to harmed investors pursuant to a distribution plan to be approved by this Court. Any additional funds collected and any accrued interest will be added to the Distribution Fund.

### Appointment of a Tax Administrator

4.  The Distribution Fund is a Qualified Settlement Fund ("QSF") under Section 468B(g) of the Internal Revenue Code, 26 U.S.C. § 468B(g), and related regulations, 26 C.F.R. §§ 1.468B-1 through 1.468B-5. A tax administrator, on behalf of the Distribution Fund, should be appointed and authorized to take all necessary steps to enable the Distribution Fund to obtain and maintain the status of a taxable QSF. The reasonable costs, fees, and other expenses incurred in the performance of the tax administrator's duties should be paid from the Distribution Fund.

5.  The SEC recommends the appointment of Miller Kaplan as Tax Administrator for the QSF. Miller Kaplan is experienced in the taxation of QSFs and has agreed to reasonable fees for its services.[1] In summary, Miller Kaplan will provide the following services:

    (a)  obtain a federal employer tax identification number for each QSF;

    (b)  prepare and file federal and state income tax returns, as required;

    (c)  when required, calculate quarterly estimated tax payments, and provide information to the SEC so that payments may be made timely;

    (d)  make arrangements with the SEC staff to pay the tax liability of the QSF;

---

[1] Miller Kaplan is one of the firms that the SEC has engaged to render tax consulting services on its behalf for QSFs established in administrative proceedings for calendar years 2022 through 2024 at agreed upon rates. *See* Omnibus Order Directing the Engagement of Two Tax Administrators for Appointment on a Case-by-Case Basis in Administrative Proceedings that Establish Distribution Funds, Exchange Act Rel. No. 94845 (May 4, 2022). As part of Miller Kaplan's engagement with the SEC, Miller Kaplan has agreed to render those same services at the agreed upon rates for calendar years 2022 through 2024, for any QSF it is appointed to serve as the tax administrator, including appointments made by a Court in civil actions brought by the SEC in federal district court.

(e) calculate and recommend retention of a reserve for penalties and interest to be assessed as a result of any late filing of tax returns and/or late payment of taxes;

(f) determine and comply with information reporting obligations of the QSF for payments to vendors; and

(g) all administrative tasks necessary to the foregoing services.

Additional tax compliance services would be provided at the SEC's request and billed in accordance with Miller Kaplan's agreement with the SEC.

6. Miller Kaplan has served as a tax administrator for numerous QSFs requiring compliance similar to the Distribution Fund. Therefore, the SEC staff respectfully requests that the Court appoint Miller Kaplan as Tax Administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, with respect to the Distribution Fund under this Court's jurisdiction.

### Authorization to Pay the Tax Obligations of the Distribution Fund and Tax Administrator Fees and Expenses

7. In an effort to meet tax payment deadlines, avoid the assessment of late payment penalties, and make timely payment to the Tax Administrator for services provided, the SEC further requests that SEC staff be authorized to approve and arrange for the payment of all tax obligations of the QSF and reasonable related fees and expenses of the Tax Administrator from the Distribution Fund without further Court order. The SEC staff follows a rigorous process for reviewing and approving invoices before payment is made. The SEC's Office of Distributions requires and reviews, in a multi-step process, detailed invoices from the Tax Administrator that describe the work performed, the billing rate, and the time expended on each task. If the Court authorizes the SEC staff to approve and arrange for the payment of taxes and related fees and

expenses of the Tax Administrator without further Court order, the SEC staff will use its expertise in distributions and knowledge of this specific distribution to review all proposed charges.  The SEC staff will approve and arrange for payment only of appropriate and properly documented taxes and related fees and expenses of the Tax Administrator.  Authorizing such approval and arrangement of payment ensures timely and efficient payment of taxes reducing the risk of late tax payments and penalties and ensures timely payment of the related fees and expenses of the Tax Administrator.  All tax payments and tax administration fees and expenses will be reported to this Court in the final accounting of the Distribution Fund once all Court authorized distributions have been completed.

**WHEREFORE**, for all the foregoing reasons, the SEC respectfully requests that this Court enter the attached proposed Order and grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Jennifer A. Cardello*
Jennifer Cardello (Mass Bar No. 657253)
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
33 Arch Street, 24th Floor
Boston, MA  02110-1424
Telephone: (617) 573-4577 (direct)
Facsimile: (617) 573-4590
Email: cardelloj@sec.gov

Dated:  January 16, 2024

**CERTIFICATE OF SERVICE**

   I, Jennifer Cardello, hereby certify that, on January 16, 2024, I caused the foregoing document to be electronically filed with the clerk of the court for the U.S. District Court for the District of Connecticut, using the electronic case filing system of the court. The electronic case filing system sends a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

               /s/ *Jennifer A. Cardello*
               Jennifer A. Cardello