## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>APRIL SUE-CHANG LEE, IN HER CAPACITY AS FIDUCIARY OF THE ESTATE OF SEONG YEOL LEE, and AMERITRUST CORPORATION,<br><br>Defendants,<br><br>and<br><br>BEESPOKE CAPITAL, INC., ALICE MEE-HYANG CHOI,  APRIL SUE-CHANG LEE, and ELAINE CHOUNG-HEE LEE,<br><br>Relief Defendants. | Civil Action No. 23-cv-125 (OAW) |

### CONSENT OF APRIL SUE-CHANG LEE
### IN HER CAPACITY AS FIDUCIARY OF THE ESTATE OF SEONG YEOL LEE

1.      April Sue-Chang Lee, in her capacity as fiduciary of the estate of Seong Yeol Lee ("Defendant" or the "Estate") acknowledges having been served with the amended complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the amended complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which orders the Estate to pay disgorgement in the amount of $3,255,668 and prejudgment interest of $589,000.  The Final Judgment further provides that

payment of these amounts shall be deemed satisfied by the transfer of funds frozen in accounts held by Seong Yeol Lee at Bank of America, N.A., T. Rowe Price, and Keb Hana Bank USA (the "Frozen Funds") and the proceeds from the sale of real property purchased by Lee in Bedford, New York (the "Bedford Property"). Other than the Frozen Funds, the Bedford Property, and a primary residence owned jointly with Lee's surviving spouse, Defendant is unaware of any bank accounts, brokerage accounts, retirement accounts, real property, or any assets or possessions above a *de minimis* value, that were held by Lee at the time of his death.

3.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.

9.      Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy herein.

10.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations."  As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint.  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's:

3

(i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: _5. 7. 2024_                              _X Lee_
                                                April Lee

On _May 4th_, 2024, _April Lee_____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_Caitlin Forsyth_
Notary Public
Commission expires: _11/28/2026_

Approved as to form:
_(signature)_
Michael Vitaliano
The Vitaliano Law Firm
1492 Victory Blvd.
Staten Island, NY 10301
*Attorney for April Lee*

CAITLIN FORSYTH
NOTARY PUBLIC-STATE OF NEW YORK
No. 01FO6444514
Qualified in Richmond County
My Commission Expires 11-28-2026

4